TRACY HOPE DAVIS
United States Trustee
Cameron Gulden, Trial Attorney
State Bar. No. MN 310931
cameron.m.gulden@usdoj.gov
DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Booth Street, Room 3009
Reno, NV  89509
Telephone:  775-784-5335
Fax:  775-784-5531

Sumi Sakata, Trial Attorney
State Bar No. DC 1019220
sumi.sakata@usdoj.gov
DEPARTMENT OF JUSTICE
Executive Office for United States Trustees
441 G Street, N.W., Suite 6150
Washington, D.C. 20530
Telephone:  202-307-1399
Fax:  202-307-2397

Attorneys for Appellee Tracy Hope Davis,
United States Trustee for Region 17

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: The Village at Lakeridge, LLC : <br> : <br> Debtor. : | |

| | | |
|---|---|---|
| The Village at Lakeridge, LLC : <br> : <br> Appellant, : <br> : <br> v. : <br> : <br> United States Trustee, : <br> : <br> Appellee. : <br> : | | Case No. 3:21-cv-160-MMD <br><br> Bankruptcy Case No. 11-51994-BTB <br> Chapter 11 |

**STIPULATION TO ABATE APPEAL**

Appellant, The Village at Lakeridge, LLC ("Village"), and Appellee, Tracy Hope Davis, the United States Trustee for Region 17, hereby stipulate to abate this appeal while the same issues presented in this appeal are before the Ninth Circuit Court of Appeals in an unrelated case.

**RECITALS**

1. This appeal arises out of the chapter 11 bankruptcy case filed by Village. A chapter 11 debtor is required to pay quarterly fees to the United States Trustee System Fund while its case is open. The amount of the fee is determined by the amount of disbursements made by a debtor. See 28 U.S.C. § 1930(a)(6).

2. In 2017, Congress amended the statute to temporarily increase the quarterly fee payable in larger chapter 11 cases (the "2017 amendment").

3. On September 25, 2019, Village filed a motion in the bankruptcy court for a determination of the quarterly fees it owed and to waive or reduce its fees. It argued that the 2017 amendment was unconstitutional in charging it increased fees and should not apply to cases that were filed before the 2017 amendment was enacted. The United States Trustee objected, maintaining that the 2017 amendment was both constitutional and applicable to Village's chapter 11 case.

4. On March 19, 2021, the bankruptcy court entered an order denying Village's motion. On March 29, 2021, Village filed a timely appeal of the March 19, 2021 order that is pending in this Court. ECF No. 1.

6.        While Village's motion was being litigated in the bankruptcy court, another chapter 11 debtor, USA Sales, Inc., filed a complaint in the United States District Court for the Central District of California against the United States Trustee. *See* Case. No. 5:19-cv-2133-JWH. USA Sales also contended that the 2017 amendment did not apply to cases filed before its enactment and was unconstitutional. After the matter was fully briefed, the district court ruled in USA Sales' favor on April 1, 2021, on both grounds. *See* Case. No. 5:19-cv-2133-JWH; Doc. no. 49 (memorandum decision).

8.        On June 17, 2021, the United States Trustee appealed the *USA Sales* decision to the Ninth Circuit Court of Appeals. The appeal has been assigned case number 21-55643.

9.        As the *USA Sales* decision turned on the same legal issues litigated below, the parties anticipate that the Ninth Circuit's ruling in the *USA Sales* appeal will resolve the issues that would be briefed and decided in this appeal. To conserve the resources of the parties and of this Court, a stay of further proceedings in this appeal pending the outcome of *USA Sales* is warranted.

11.      "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of

judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).

12. The parties will promptly inform this Court after the Ninth Circuit has entered a judgment in *USA Sales* that has become final and unappealable or the appeal has otherwise been finally disposed of.

13. If this Court does not abate this appeal, the parties agree that the United States Trustee's brief will be due 45 days from the entry of an order by this Court denying the parties' stipulated request to abate this appeal, and Village's reply brief, if any, will be due 30 days from the filing and service of the United States Trustee's responsive brief.

**THE PARTIES HEREBY STIPULATE AND AGREE:**

1. The parties stipulate and agree that all proceedings with regard to this appeal shall be abated pending further order of the Court, which further order the parties anticipate would be entered after the Ninth Circuit has issued a decision in *USA Sales* that has become final and unappealable or further review has either been denied or concluded; provided, however, that either party may file a motion at any time asking the Court to terminate the abatement for good cause shown and to set a new briefing schedule.

2. Within 14 days after a decision by the Ninth Circuit in *USA Sales* becomes final and unappealable or further review has either been denied or concluded, the parties

shall jointly submit a status report to this Court, notifying this Court and stating whether they believe further proceedings will be necessary in this appeal.

3.  Should this Court decline to abate this appeal, the parties agree that the United States Trustee's brief shall be due no later than 45 days from the entry of an order by this Court denying the parties' request to abate this appeal, and Village's reply brief, if any, will be due no later than 30 days from the filing and service of the United States Trustee's responsive brief.

Dated: July 16, 2021

By: /s/ Sumi Sakata
Sumi Sakata
Department of Justice
Executive Office for United States Trustees
441 G St., NW, Suite 6150
Washington, D.C. 20530
Counsel for Appellee

By: /s/ Alan R. Smith
ALAN R. SMITH, ESQ. #1449
270 Wrondel Way, Apt. B
Reno, Nevada 89502
Telephone (775) 287-6850
Email: arsnevada52@gmail.com
Attorney for Appellant

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE

DATED: July 16, 2021